UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HUNT CONSTRUCTION GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:04-cv-2126-JDT-TAB |
| | ) | |
| ALLIANZ GLOBAL RISKS U.S. | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO COMPEL
AND PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

**I.    Background.**

The parties in this lawsuit are embroiled in a contract dispute involving a builder's risk insurance policy sold by Defendant Allianz Global Risks U.S. Insurance Company to Plaintiff Hunt Construction Group, Inc.  The parties ensnared non-party Catalyst, Inc. when Defendant served Catalyst a subpoena duces tecum on January 27, 2006.  Defendant seeks documents relating to services Catalyst performed for Plaintiff between 1998 and 2001.  By agreement between Defendant and Catalyst, the subpoena's return date was enlarged to February 28, 2006.  Catalyst does not object to the subpoena but withheld some of its production at Plaintiff's request.  [Docket No. 68.]  Plaintiff contends that these documents are protected from discovery pursuant to Fed. R. Civ. P. 26(b)(4)(B) because Plaintiff allegedly hired Catalyst as a non-testifying expert.  [Docket No. 66.]  Before the Court are two related motions: (1) Defendant's motion for Catalyst to show cause[1] for its failure to respond to the subpoena and motion to

---

[1] This component of Defendant's motion is rendered moot by this order as well as Catalyst's response [Docket No. 68].

compel production [Docket No. 65]; and (2) Plaintiff's motion for a protective order [Docket No. 66]. For the reasons stated below, the Court GRANTS Defendant's motion and DENIES Plaintiff's motion.

## II.     Discussion.

The Court can make short work of both motions. Failure to raise timely objections to a subpoena results in the waiver of those objections. *See Brogren v. Pohlad,* 1994 WL 654917, at *1 (N.D. Ill. Nov. 14, 1994) (non-party waived its right to object to a subpoena duces tecum where it waited until after the subpoena's return date to serve its written objections). There is little debate that the deadline for a timely objection is the subpoena's return date. *Id.; see also United States v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 278 (D.D.C. 2002); *Nova Biomedical Corp. v. I-Stat Corp.*, 182 F.R.D. 419, 422 (S.D.N.Y. 1998).

Defendant asserts that Plaintiff's motion for a protective order is untimely and that it waived all objections by failing to raise any within fourteen days of service. [Docket No. 71, pp. 2-5.] Plaintiff filed its motion for a protective order on March 17 -- 17 days after the subpoena's return date. Although a court may excuse untimely objections "'in unusual circumstances and for good cause,'" *Moon v. SCP Pool Corp.*, 2005 WL 3526513, at *3 (C.D. Cal. Dec. 7, 2005) (*citing McCoy v. Southwest Airlines Co. Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002), and collecting cases), Plaintiff offers no such circumstances in this matter.[2] Consequently, the Court sustains Defendant's objection and denies as untimely Plaintiff's motion for a protective order.

Conversely, the Court grants Defendant's motion to compel. Even if Plaintiff had raised its objections in a timely fashion, the Court finds Plaintiff's stated basis for its motion -- that

---

[2] In fact, Plaintiff failed to file a reply in support of its motion.

Catalyst was hired as a non-testifying expert -- completely unavailing.  Plaintiff's own construction manager testified that Catalyst was retained to assist Plaintiff in the performance of its building contractual obligations prior to any litigation involving Plaintiff, and Defendant or the city of Memphis.  [Docket No. 71, pp. 5-6.][3]  Plaintiff's failure to reply in support of its motion for a protective order and Catalyst's own filing in which it disavows any "interest in the litigation or in the outcome of the present dispute" [Docket No. 68] further belie Plaintiff's contention that Catalyst is a non-testifying expert for the purposes of Fed. R. Civ. P. 26(b)(4)(B).

**III.   Conclusion.**

For the reasons set forth above, the Court GRANTS Defendant's motion to compel [Docket No. 65] and DENIES Plaintiff's motion for a protective order [Docket No. 66].  To the extent Catalyst has not already fully complied with the subpoena duces tecum, it is ordered to do so within 30 days of this order.

Dated:     04/20/2006

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[3] This fact is corroborated by Plaintiff's April 6, 2006, Rule 26(a)(2) expert disclosures in which, according to Defendant, Plaintiff identified Catalyst employee Thomas Brannan as a testifying expert.  [Docket No. 76.]

Copies to:

Bryce H. Bennett Jr.
RILEY BENNETT & EGLOFF LLP
bbennett@rbelaw.com

Nicole Lefcourt Campbell
HUDDLES JONES SORTEBERG &
DACHILLE P.C.
campbell@hjpc.com

Grover Burton Davis
MCCLURE MCCLURE DAVIS & HENN
gbdavis@mmdhlaw.com

David Titus Dekker
Stephen Palley
THELEN REID & PRIEST
ddekker@thelenreid.com

Richard J. Dick
MITCHELL HURST JACOBS & DICK, LLP
rdick@mhjd.com

David E. Heiss
FISHER KANARIS P.C.
dheiss@fisherkanaris.com

Roger Cavenaugh Jones
HUDDLES & JONES P.C.
jones@hjpc.com

Peter E. Kanaris
FISHER KANARIS PC
pkanaris@fisherkanaris.com

John H. Michel
HUDDLES & JONES P.C.
michel@hjpc.com

Jefferson D. Patten
FISHER KANARIS P.C.
jpatten@fisherkanaris.com

Jose M. Pienknagura
THE HUNT CORPORATION
jmpienknagura@thehuntcorp.com

Jeffrey D. Roberts
RILEY BENNETT & EGLOFF LLP
jroberts@rbelaw.com

Murray D. Sacks
THELEN REID & PRIEST LLP
msacks@thelenreid.com

Nathaniel M. Uhl
Gary Dankert
ICE MILLER, LLP
Nate.uhl@icemiller.com

4